IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| MICHAEL EASTERLING | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv283 |
| ALPHONSO JAMES | § | |

## MEMORANDUM OPINION REGARDING VENUE

Michael Easterling, an inmate confined in the Stringfellow Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Alphonso James.

## Analysis

At the time of the events which gave rise to this lawsuit, the defendant was an assistant warden at the Stringfellow Unit. Plaintiff alleges the defendant failed to ensure plaintiff had security and received transportation to the Angleton Danbury General Hospital after breaking his wrist.

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is

proper only in the judicial district where the defendants reside or in which the claim arose.

Plaintiff complains of events which occurred Brazoria County, Texas. Pursuant to 28 U.S.C. § 124, Brazoria County is located in the Galveston Division of the Southern District of Texas.

As plaintiff is located in the Southern District, the events complained of occurred in the Southern District, and plaintiff has requested that this matter be transferred to the Southern District (see document number 13), the court is of the opinion that it would be in the interests of justice to transfer this matter to the Southern District. An appropriate transfer order shall be entered.

**SIGNED** this   21   day of      November      , 2013.


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE